UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRIS HYNES,

                      Plaintiff,                 9:05-CV-0380
                                                                                  (FJS)(GHL)

      v.

MICHAEL KIRKPATRICK; ERIC GRAF;
MICHAEL GRANEY; BRIAN SMITH;
MICHAEL O'SULLIVAN; CRAIG GUMMNERSON;
JOSEPH WOLCZYK; and DONALD SELSKY,

                      Defendants.

---

APPEARANCES:                                 OF COUNSEL:

CHRIS HYNES
88-A-1221
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Petitioner, *pro se*

HON. ANDREW M. CUOMO                 ED J. THOMPSON, Esq.
New York State Attorney General           Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204
Attorney for Defendants

GEORGE H. LOWE, United States District Judge

**DECISION and ORDER**

      Plaintiff Chris Hynes has filed a motion to compel discovery pursuant to Rule 37 of the

Federal Rules of Civil Procedure. Dkt. No. 29. Plaintiff has also submitted a letter requesting that

sanctions be imposed against the Defendants. Dkt. No. 34.

**I.**       **Motion to compel**

      Plaintiff's motion to compel relates to the following discovery requests:

(1) First Request for Production of Documents dated December 8, 2005 (Dkt. No. 29, Ex. A);

(2) Second Request for Production of Documents, undated (Dkt. No. 29, Ex. F);

(3) First Set of Interrogatories dated June 13, 2006 (Dkt. No. 29, Ex. M); and

(4) Third Request for Production of Documents dated July 21, 2006 (Dkt. No. 29, Ex. O).

In his motion, Plaintiff states that he made good faith efforts to resolve discovery disputes with Defendants' counsel. Dkt. No. 29, Affidavit. Plaintiff states that Defendants have not timely responded to the Plaintiff's discovery requests. *Id*. On October 13, 2006, Defendants requested and received an extension of time to respond to Plaintiff's motion to compel. Dkt. No. 31. Despite being granted an extension of time to do so, Defendants have filed no response to Plaintiff's motion to compel.

By letter dated December 4, 2006, Plaintiff advised the Court that Defendants had responded to some, but not all, of Plaintiff's discovery requests. Dkt. No. 34. Specifically, Plaintiff stated that Defendants served Plaintiff with

> a copy of defendants' response to plaintiff's first set of interrogatories dated June 13, 2006, three months after the time to respond. On October 20 [Defendants' counsel] served me with a copy of DOCS training manuals for inmate assistants and hearing officers, in response to requests #7 and #8 of plaintiff's first set of interrogatories. Despite their belated attempts to comply with the outstanding discovery, this is a case of too little, too late. Defendants have ignored my repeated discovery requests, some over a year old. Defendants have failed to produce many other documents relevant to the issues in this action. Furthermore, defendants have failed to respond to my motion to compel.

Dkt. No. 34.

The scope of permissible discovery in a civil action pending in a federal district court is defined, in the first instance, by rule which provides, in pertinent part, as follows:

2

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1). When applying this standard in a case such as this, the Court must be mindful that "actions alleging violations of § 1983 require especially generous discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (citing *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984) (Foley, J.)). When addressing a party's resistance to discovery requests propounded by an adversary, a court must also give recognition to the precept that

> [a]n objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of discovery rules found in the Federal Rules of Civil Procedure.

*Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (internal citations omitted).

With respect to Defendants' failure to respond to the motion, "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." L.R. 7.1(b)(3). Among the "papers" required to be filed and served by a non-movant in order to "oppose" a motion to compel discovery is a supporting affidavit. L.R. 7.1(a). By failing to file such an affidavit, or even a memorandum of

law, Defendants have "consented" to Plaintiff's motion.[1]

Because Defendants have "consented" to Plaintiff's argument, the only remaining issue is whether Plaintiff has met his burden "to demonstrate entitlement to the relief requested" through that argument. A review of whether a movant has met this burden is a more limited endeavor than a review of a contested motion.[2]

### A. First Request for Production of Documents

Plaintiff's First Request for Production of Documents ("RFP") was dated December 8, 2005. Dkt. No. 29, Ex. A. By letter dated December 22, 2005, Defendants responded to the First RFP. Dkt. No. 29, Ex. B. After Plaintiff received Defendants' responses, Plaintiff made a good faith attempt to clarify his initial requests so that Defendants could more accurately respond to the

---

[1] *See, e.g., Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony"); *Green v. Doukas*, 97-CV-8288, 2001 WL 767069, at *8 (S.D.N.Y. June 22, 2001) (granting motion to preclude expert testimony because "plaintiff's failure to oppose the motion suggests . . . it has merit[]"); *Amaker v. Coombe*, 96-CV-1622, 2003 WL 21222534, at *6 (S.D.N.Y. May 27, 2003) (granting motion to preclude use of depositions at trial "by default" because plaintiff failed to respond to the motion).

[2] *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") (emphasis added) (citations omitted); *Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *see also Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

requests. Dkt. No. 29, Ex. C; *see also* Dkt. No. 29 at 2-6. Defendants did not respond further to Plaintiff's First RFP. *Id*.

In the first instance, in providing their response, Defendants did not comply with Rule 26.1 of the Local Rules of Practice of the Northern District of New York which states that "[i]n answering or objecting to interrogatories, requests for admission, or requests to produce or inspect, **the responding party shall first state verbatim the propounded interrogatory or request** and immediately thereafter the answer or objection." (Emphasis added). Defendants are advised to comply with this Rule in all future discovery responses.

**1. Document request 1**

Plaintiff sought a copy of his Guidance Unit File. Dkt. No. 29, Ex. A, ¶ 1. Defendants objected to the request as unclear, overly broad, and not relevant to Plaintiff's action. *Id*., Ex. B, ¶ 1. Plaintiff clarified his request, indicating that to the extent that the Guidance File contained references to Plaintiff's participation in a riot at Southport, as well as references to Plaintiff's litigious nature, it would be relevant to Plaintiff's claims of retaliation. *Id*., Ex. C, ¶ 1. Defendants did not respond to Plaintiff's good faith effort to clarify his request. The Court finds that Defendants' objections are not specific enough and that Plaintiff is entitled to receive the information requested.

<u>Defendants are directed to produce a copy of Plaintiff's Guidance Unit File</u>.

**2. Document request 2**

Plaintiff requested copies of Unusual Incident Reporting Systems entries related to plaintiff from 1990 to present. Dkt. No. 29, Ex. A, ¶ 2. Defendants objected to the request as "unrelated to any particular event" and as irrelevant. *Id*., Ex. B, ¶ 2. Plaintiff refined his request by seeking

5

unusual incident reports relating to "the May 1991 Southport riot, and the 'incident' on November 9, 2000, when [plaintiff] was assaulted and falsely accused of assault on staff, possession of a weapon and other false charges."[3]  *Id*., Ex. C, ¶ 2.  Plaintiff's request, as refined, is an appropriate request.

Defendants are directed to produce copies of unusual incident reports concerning Plaintiff related to the 1991 Southport riot and the November 9, 2000 incident at Auburn.

**3.  Document request 3**

Plaintiff requested the "DOCS' Inspector General [IG] file for the incident."  Dkt. No. 29, Ex. A, ¶ 3.  Defendants objected based on security concerns, and because the request was unclear, since plaintiff did "not specifically describe the 'incident.'"[4]  Dkt. No. 29, Ex. B, ¶ 3.  Plaintiff states that he would like copies of any statements or interviews with any of the named defendants during the investigation of the November 9, 2000 incident at Auburn, a copy of Plaintiff's own statement or interview made during the course of the investigation, and copies of any photographs, reports, or documents "not of a confidential or protected nature."  *Id*., Ex. C., ¶ 3.

Defendants are directed to produce copies of any statements or interviews with any of the named defendants during the investigation of the November 9, 2000 incident at Auburn, a copy of Plaintiff's own statement or interview made during the course of the investigation, and copies of any photographs, reports, or documents "not of a confidential or protected nature."

---

[3] Any reports relating to the Southport riot and the November 9, 2000 incident at Auburn are clearly relevant to the allegations in Plaintiff's amended complaint.

[4] Earlier in their objection, the Defendants acknowledge that Plaintiff's request relates to the "November, 2000 incident."  *Id*, Ex. B, ¶ 3.

6

**4. Document request 4**

Plaintiff requests information regarding his transfers. Dkt. No. 29, Ex. A, ¶ 4. Defendants object to the request as unclear, overly broad, and not relevant. *Id*, Ex. B, ¶ 4. Plaintiff states that information contained in Plaintiff's transfer records could be used to establish a motive for the alleged retaliatory actions taken by the Defendants against Plaintiff. *Id*, Ex. C, ¶ 4. The Court agrees that Plaintiff has established that the documents requested are likely to lead to the discovery of admissible evidence.

<u>Defendants are directed to produce copies of any reports produced concerning Plaintiff's transfers within the DOCS system, including any documents outlining the reasons for such transfers</u>.

**5. Document request 5**

Plaintiff initially requested DOCS' Inmate Grievance Program documents related to the incident, but later clarified the request as seeking a copy of the grievance documents related to grievance AUB-36720-02.[5]

<u>Defendants are directed to produce copies of any documents related to Plaintiff's grievance designated as AUB-36720-02</u>.

**6. Document request 6**

Plaintiff requested a copy of his medical records "while under DOCS' custody." Dkt. No. 29, Ex. A, ¶ 6. Defendants objected to the request as overly broad and unreasonably burdensome. *Id*., Ex. B, ¶ 6. Plaintiff states that the records are necessary to establish that the injuries he received on November 8, 2000 are not the result of prior injuries or pre-existing conditions. *Id*., Ex. C, ¶ 6.

---

[5] Defendants had objected to the original request as unclear and overly broad. Dkt. No. 29, Ex. B, ¶ 5.

Plaintiff has provided Defendants with a medical records authorization for release of his records.  *Id.*, Ex. K.

If they have not already done so, Defendants are directed to produce copies of Plaintiff's medical records while Plaintiff was under DOCS' custody.

**7. Document request 7**

The Court does not find Plaintiff's request for copies of DOCS' Directives relating to Unusual Incident Reporting or Video Tape Preservation to be unclear, as suggested by the Defendants.  Dkt. No. 29, Ex. A at ¶ 7 and Ex. B. at ¶ 7.

Defendants are directed to produce copies of any DOCS' Directives relating to Unusual Incident Reporting and Video Tape Preservation.

**8. Document request 8**

Plaintiff indicates that Defendants have complied with this request, therefore the motion is denied as moot as it relates to this request.

**B. Second Request for Production of Documents**

Plaintiff's Second RFP contained only two requests: (1) for production of Plaintiff's "crime and sentence" and "disciplinary history" printouts by DOCS and (2) for production of Plaintiff's Tier III hearing record regarding the November 9, 2000 incident, including the hearing transcript and related Article 78 proceeding.  Dkt. No. 29, Ex. F.  While the Court does not have a copy of Defendants' responses to the Second RFP, Plaintiff claims that the response did not include a copy of the hearing transcript from the Tier III proceeding.  *Id.* at 7.  Defendants advised Plaintiff that "because the hearing was reviewed and administratively reversed on March 29, 2002, the hearing transcript is no longer available."  *Id*.

While the Court cannot direct a party to provide documents that it does not have in its possession and control, Plaintiff presents a good argument for the proposition that the Attorney General's Office may in fact have a copy of the relevant transcript as part of the Court records for the Article 78 proceeding.

<u>Defendants' counsel is therefore directed to search for a copy of the requested transcript relating to the Article 78 proceeding in the files of the Attorney General's Office and ask the Department of Corrections to do the same.  If the transcript is available, Defendants shall provide a copy to Plaintiff.</u>

### C. Remaining discovery requests

Based on the information provided by Plaintiff in his motion to compel and letter request for sanctions, it appears that Defendants have not fully responded to Plaintiff's First Set of Interrogatories[6] or Third RFP.  While Defendants had every opportunity to respond to Plaintiff's motion and to provide the Court with copies of any responses provided for these requests, Defendants did not do so.  Thus, the Court has no choice but to **grant** Plaintiff's motion to compel as it relates to Plaintiff's First Set of Interrogatories and Third RFP.  Defendants are directed to serve on Plaintiff responses, or supplemental responses, to the aforesaid discovery requests **within thirty days** of the filing date of this Order.  Should Defendants claim that they have responded to some of the aforesaid discovery requests, the Defendants may file an appropriate motion with the Court, **within thirty days of the filing date of this Order**, seeking modification of this Order.  Any such motion should include a complete and accurate report of all responses to Plaintiff's First Set of

---

[6] The Court does not have a copy of Defendants' Response to Plaintiff's First Set of Interrogatories.

Interrogatories and Third RFP and **must also include, at a minimum**, copies of **all of Defendants' responses to those discovery requests, including copies of all documents produced to Plaintiff.**

### D.  Conclusion

Within **thirty (30) days** of the filing date of this Order, the Defendants are directed to provide responses, or supplemental responses, to Plaintiff's discovery requests as more fully outlined above.

## II.  Motion for sanctions

As part of his motion to compel, Plaintiff asks the Court to impose sanctions against the Defendants for their failure to respond to Plaintiff's discovery requests.  *See* Lead Case, Dkt. No. 94.

Pursuant to FED. R. CIV. P. 37(b), a Court may impose appropriate sanctions against a party who fails to comply with a **Court order** to provide discovery to his adversary.  However, *willful disobedience* is generally required before the Court will impose sanctions.  *See Luft v. Crown Publishers, Inc.*, 906 F. 2d 862, 865 (2d Cir. 1990) (requiring conduct that is "willful" or "in bad faith" before sanction is imposed); *King v. Allied Vision, Ltd.*, 65 F. 3d 1051,1063 (2d Cir. 1995) (requiring finding of "willful" contempt prior to award of fees); *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F. 2d 126, 130 (2d Cir. 1979) (reasonable costs, including attorney fees, is appropriate sanction if conduct is willful).

In the present case, Plaintiff does not allege that Defendants have failed to comply **with a court order**; he only alleges that they have failed to respond to discovery.  Even if Plaintiff could establish that Defendants violated a Court order, Plaintiff has not proffered any evidence of *willful disobedience* on the part of the Defendants.  After thoroughly considering this issue, Plaintiff's

request for sanctions is **denied**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's motion to compel (Dkt. No. 29) is **GRANTED**, and it is further

**ORDERED**, that Defendants are directed to respond to Plaintiff's discovery requests at issue in this motion, in their entirety, **within thirty days** of the filing date of this Order, and it is further

**ORDERED**, that Plaintiff's application for sanctions (Dkt. No. 34) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: March 21, 2007
       Syracuse, New York

_/s/ George H. Lowe_
George H. Lowe
United States Magistrate Judge