UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRIS HYNES,

                            Plaintiff,                  9:05-CV-0380
                                                                   (FJS)(GHL)

    v.

MICHAEL KIRKPATRICK; ERIC GRAF;
MICHAEL GRANEY; BRIAN SMITH;
MICHAEL O'SULLIVAN; CRAIG GUMMNERSON;
JOSEPH WOLCZYK; and DONALD SELSKY,

                            Defendants.

---

APPEARANCES:                                OF COUNSEL:

CHRIS HYNES
88-A-1221
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Petitioner, *pro se*

HON. ANDREW M. CUOMO                 ED J. THOMPSON, Esq.
New York State Attorney General          Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204
Attorney for Defendants

GEORGE H. LOWE, United States Magistrate Judge

## DECISION and ORDER

**I.    Background**

      Plaintiff Chris Hynes previously filed a motion to compel discovery pursuant to Rule 37 of

the Federal Rules of Civil Procedure.  Dkt. No. 29.  Plaintiff's motion to compel related to

Plaintiff's (1) First Request for Production of Documents dated December 8, 2005 (Dkt. No. 29, Ex.

A) ("First RFP"); (2) Second Request for Production of Documents, undated (Dkt. No. 29, Ex. F) ("Second RFP"); (3) First Set of Interrogatories dated June 13, 2006 (Dkt. No. 29, Ex. M) ("First Interrogatories"); and (4) Third Request for Production of Documents dated July 21, 2006 (Dkt. No. 29, Ex. O) ("Third RFP").  By Order of this Court filed on March 21, 2007, Plaintiff's motion to compel was granted.  Dkt. No. 40.  More than a month after the March 21, 2007 Order was issued, Defendant filed an "Affidavit in Opposition to the Motion to Compel" which the Court will construe as Defendants' report concerning the status of discovery.  Dkt. No. 42.[1]

## II.     Status of outstanding discovery

### A.     First RFP

With respect to Plaintiff's First RFP, Defendants were directed to provide Plaintiff with the following:

1. A copy of Plaintiff's Guidance Unit File (request 1 of First RFP);
2. Copies of unusual incident reports concerning Plaintiff related to the 1991 Southport riot and the November 9, 2000 incident at Auburn (request 2 of First RFP);
3. Copies of any statements or interviews with any of the named Defendants during the investigation of the November 9, 2000 incident at Auburn, a copy of Plaintiff's own statement or interview made during the course of the investigation, and copies of any photographs, reports, or documents "not of a confidential or protected nature"[2] (request 3 of First RFP);
4. Copies of any reports produced concerning Plaintiff's transfers within the DOCS system, including any documents outlining the reasons for such transfers (request 4 of First RFP);

---

[1] Since the motion to compel was already granted, Defendants cannot now respond in opposition to the motion.  While the Court gave Defendants permission to file an appropriate **motion** seeking modification of the March 21, 2007 Order, *see* Dkt. No. 40 at 9, the present submission is not in the form of a motion.

[2] The Court noted in the March 21, 2007 Order that photographs taken at the scene of the incident and photographs taken to show injuries of any of the parties involved in the incident, and statements made by other correctional employees regarding the incident would not raise security concerns.

    5. Copies of any documents related to Plaintiff's grievance designated as AUB-36720-02 (request 5 of First RFP);
    6. Copies of Plaintiff's medical records while Plaintiff was under DOCS' custody (request 6 of First RFP);
    7. Copies of any DOCS' Directives relating to Unusual Incident Reporting and Video Tape Preservation (request 7 of First RFP).

*See* March 21, 2007 Order. Defendants have now substantially complied with requests 1, 4, and 5 of the First RFP, therefore the Court need take no further action with regard to those requests.

Defendants have still not provided Plaintiff with the following documents as required by the March 21, 2007 Order:

    1. A copy of the unusual incident report pertaining to Plaintiff regarding the 1991 Southport riots (request 2 of the First RFP);
    2. Copies of any statements or interviews with any of the named Defendants during the investigation of the November 9, 2000 incident at Auburn, and copies of any photographs, reports, or documents "not of a confidential or protected nature" (request 3 of the First RFP);
    3. A copy of Plaintiff's medical records while Plaintiff was under DOCS' custody (request 6 of the First RFP); and
    4. Copies of any DOCS' Directives relating to Unusual Incident Reporting (request 7 of the First RFP).

Accordingly, Defendants are directed to forthwith, but in any event no later than **thirty days** after the filing date of this Order, provide Plaintiff with the aforesaid documents (paragraphs 1-4, directly above) **free of charge**.[3]

**B.    Second RFP**

With respect to Plaintiff's Second RFP, Defendants' counsel was directed to search for a copy of the requested transcript relating to the Article 78 proceeding in the files of the Attorney General's Office and ask the Department of Corrections to do the same. If the transcript is

---

[3] Because Defendants have substantially delayed discovery by not responding to requests, and by not responding to Plaintiff's motion to compel, the Court will require Defendants, not the Plaintiff, to assume the copying costs associated with the delayed production of documents.

3

available, Defendants were directed to provide a copy to Plaintiff.

Defendants have responded, as follows:

With respect to hearing transcript used in the article 78 proceeding, if it exists, it may be contained in a closed file maintained in the Attorney General's Office in storage. To date, no transcript has been located. The Department of Corrections has expunged the proceeding, therefore the hearing transcript is no longer available from the correctional facility.

Dkt. No. 42, Aff. at ¶ 11. While Defendants state that the transcript "may be contained in a closed file maintained in the Attorney General's Office in storage," *see id*., Defendants have apparently not requested that the closed file be located and returned from storage to ascertain whether the transcript is available.

Accordingly, the Defendants are directed to forthwith request that the appropriate closed file be removed from storage to ascertain whether the transcript is contained therein. The Defendants are directed to report back to the Court and the Plaintiff **within thirty days** of the filing date of this Order as to the progress made in this regard. If the transcript is located, the Defendants are directed to provide the Plaintiff with a copy of same **free of charge** as soon as the transcript is located.

C.     **First Set of Interrogatories**

The Court finds that the Defendants have substantially complied with Plaintiff's First Set of Interrogatories. Any concerns regarding the First Set of Interrogatories are now moot.[4]

---

[4] Plaintiff states that "Defendants eventually responded to my First Set of Interrogatories after the motion to compel was filed. [Attorney's Affirmation, Exhibit B]. This also included a supplement [sic] response [sic] which they produced DOCS Hearing Officer's Guide, and Assistance Manual, which were also request [sic] in my Third RFP, but were in response to Interrogatories #7 and #8." Dkt. No. 43 at ¶ 21.

**D.    Third RFP**

Defendants have not complied with requests 1, 2, and 4 of Plaintiff's Third RFP. Accordingly, Defendants are directed to forthwith, but in any event no later than **thirty days** after the filing date of this Order, provide Plaintiff with documents responsive to requests 1, 2, and 4 of the Third RFP. The documents are to be produced to Plaintiff **free of charge**.

**III.    Conclusion**

The Federal Rules of Civil Procedure set forth a thirty (30) day time limit after service of a document demand. FED. R. CIV. P. 34(b). Defendants did not come close to meeting this deadline and in fact were responsible for **significant delays** in discovery. For the aforesaid reasons, the Court finds that Defendants shall be directed to respond to the document requests, as more fully outlined above, within **thirty (30) days** of the filing date of this Order. All other objections are waived for woeful failure to be timely interposed.

If, after receiving any additional documents from Defendants, Plaintiff determines that Defendants' responses to the subject discovery requests are still not complete or proper, Plaintiff has until October 19, 2007 to file a further motion with respect to the outstanding discovery addressed in this Order. Before filing such a motion, Plaintiff should first make good faith efforts to resolve any outstanding discovery disputes with the Defendants. **Defendants shall be responsive to such good faith efforts. No further discovery will be permitted in this action.**

Defendants are advised that their failure to comply with this Order directing a response to the subject discovery requests could lead to sanctions including the imposition of monetary sanctions.

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants are directed to respond to Plaintiff's discovery requests as more fully set forth above, in their entirety, **within thirty days** of the filing date of this Order, and it is further

**ORDERED**, the motion to compel filing deadline is reset until October 19, 2007 **for the sole purpose** of permitting Plaintiff to file another motion to compel discovery should Defendants fail to comply with this Order.  The motion to compel is to be limited to the discovery determined to be outstanding as set forth above in this Order, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: August 9, 2007
       Syracuse, New York

                                  George H. Lowe
                                  United States Magistrate Judge