UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRIS HYNES,

           Plaintiff,

    v.

MICHAEL KIRKPATRICK, *et al.*,

           Defendants.

9:05-CV-0380
(FJS)(GHL)

---

APPEARANCES:                                  OF COUNSEL:

CHRIS HYNES, 88-A-1221
Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ANDREW M. CUOMO                SENTA SUIDA, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Counsel for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

GEORGE H. LOWE, United States Magistrate Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action is Plaintiff Chris Hynes' motion requesting the Court to reconsider that part of its Order of August 9, 2007, which reviewed the status of ongoing discovery and in part concluded that Defendants had substantially complied with Plaintiff's requests 1, 4, and 5 of Plaintiff's First Request for Production of Documents ("RFP"). Dkt. No. 45 at 2-3.

      In his motion for reconsideration, Plaintiff asks the Court to modify the August 9, 2007

Decision and Order

> as it relates to the status of outstanding discovery from the First RFP. In your decision and order, your Honor stated that "Defendants have now substantially complied with requests 1, 4 and 5 of the First RFP, therefore the Court need take no further action with regard to those requests" ...[Plaintiff asserts that] Defendants did not provide [Plaintiff] with requests 1, 4 and 5 from the First RFP, as Assistant Attorney Ed J. Thompson alleged in Defendants' "Affidavit in Opposition to the Motion to Compel." In fact, none of the material ordered to be disclosed by the Court ... has been provided to [Plaintiff].

Dkt. No. 47 at 1. Document request 1 asked for "Plaintiff's Guidance Unit file;" document request 4 asked for "Plaintiff's scheduled transfer review and unscheduled transfer review documents from 1990 to present;" and document request 5 asked for "DOCS' Inmate Grievance Program ["IGP"] documents related to this incident." Dkt. No. 29, Ex. A.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 [1983]).

Here, Plaintiff seems to raise new evidence not previously available, namely that Defendants have not fully complied with Plaintiff's First RFP. Dkt. No. 47. By letter dated September 4, 2007, Assistant Attorney General Ed Thompson asserted that Plaintiff's Guidance Unit file (request 1) will be made available to Plaintiff for inspection at Clinton Correctional Facility. Dkt. No. 48 at 1. The September 4, 2007 letter also stated that "plaintiff's transfers [request 4] within the DOCS system are attached;" and a "copy of grievance packet AUB-36720-02." *Id*. Attorney Thompson further stated that "defendants will further comply with the

outstanding order of the Court with all due diligence." *Id*. In response to Attorney Thompson's September 4, 2007 letter, Plaintiff stated that his entire Guidance Unit file had not been provided to him, and portions of the file that were provided contained redactions of relevant material. Dkt. No. 58 at 3-4. Plaintiff raised an additional problem with discovery, namely that Defendants' response to request three of the First RFP, which sought production of the DOCS' Inspector General's Report, was incomplete. Dkt. No. 58 at 4. Plaintiff asserted that "the Court **specifically** directed Defendants to provide Plaintiff with copies of 'any statements or interviews with **any of the named defendants** made during the course of the investigation, and copies of any **photographs**, reports or documents not of a confidential or protected nature.'" *Id*. Plaintiff states that Defendants had not provided the defendants' statements or the photographs. *Id*.

On September 24, 2007, this case was reassigned to a different Assistant Attorney General, who requested additional time for responding to discovery "to see if [she could] resolve the issues raised by plaintiff." Dkt. No. 51. Defendants' request for an extension of time to resolve discovery disputes was granted. Dkt. No. 52. After several more extensions of time to resolve discovery, Defendants have produced additional discovery in accordance with the August 9, 2007 Order and the Court's prior Order. Dkt. No. 65. The Court will now review the status of the discovery that is still at issue, namely the Guidance Unit file, the Inspector General's file, and documents evidencing Plaintiff's transfer history in DOCS.

## I.     Guidance Unit File

Request 1 of the First RFP sought production of Plaintiff's Guidance Unit file. Dkt. No. 29, Ex. A. By letter dated January 15, 2008, Plaintiff asserted that, while he was allowed to "briefly view portions of [his] Guidance Unit file" at his current facility, "[m]ost of the material

[h]e was seeking to review was removed." Dkt. No. 58 at 2.  In a sur-reply filed with the Court's permission, Defendants now state as follows:

> First, plaintiff has complained about the fact that eight (8) of the documents produced by defendants from his Guidance Unit file contained redactions. See Docket No. 58 at ¶ 10. I have spoken with facility personnel at Clinton C.F. and have learned that all of the redactions on those eight (8) documents are contained on the original documents. The reason for the redactions was that the redacted information referred to disciplinary hearings which had subsequently been reversed and expunged. Thus the original documents in his Guidance Unit file contain the redactions. However, in view of the discovery issues that have been ongoing in this case, I asked the facility to reprint the pages from the computer screens without the redactions and have produced the unredacted pages to plaintiff. See letter enclosed herewith. As far as the chronology sheet, Clinton C.F. personnel have informed me that particular page cannot be unredacted because the redactions are on the original, and it is not a computer-generated document.
>
> Second, plaintiff has complained that he has not had access to his entire Guidance Unit file. See Docket No. 58 at ¶ 11. I believe this is incorrect. Plaintiff was provided access to his Guidance Unit file at his facility (see id. ¶ 6), and the portions not provided during that review were produced by defense counsel on December 21, 2007. See id.¶ 10 (complaining that 8 of 117 documents from Guidance Unit file were received redacted). I am still not entirely clear whether plaintiff claims there are portions of his Guidance Unit file that he still has not reviewed, or whether he is merely complaining about the method of disclosure.

Dkt. No. 65 at 1-2.  Plaintiff has not responded to the sur-reply.  Since discovery on this issue appears to be complete, Plaintiff's motion for reconsideration is denied as moot with respect to his request for a copy of his Guidance Unit file.

**II.     Inspector General's File**

Plaintiff asserts that Defendants have still not produced portions of the Inspector General's File, as required by the Court's March 21, 2007 Order.  Dkt. No. 58 at 4.  Specifically, Defendants have not produced Defendants' statements "made during the course of the

4

investigation" concerning the incident or photographs of Plaintiff's injuries "taken in SHU after the incident, as well as photographs of the area where the incident took place." *Id*. at 4. Defendants were advised by the Inspector General's Office that four defendant statements exist, those of Defendants Graf, Graney, Smith, and Kirkpatrick. Dkt. No. 65 at 2. Defendants have now produced those statements to the Plaintiff. *Id*. This aspect of Plaintiff's motion is therefore denied as moot. With respect to the photographs of Plaintiff's injuries and the area where the incident took place, Defendants state that the "photographs were previously produced to [Plaintiff] in 2001 in connection with an Article 78 proceeding he initiated." *Id*. The fact that Plaintiff may have previously (seven years earlier in a state court proceeding) received copies of these photographs does not absolve Defendants of their obligation to now produce them in response to discovery in this Court. There is no guarantee that Plaintiff, being incarcerated, still has access to those photographs. Accordingly, Defendants are directed to, **within thirty days** of the filing date of this Order, provide Plaintiff with copies of the photographs **free of charge**.

### III.   Transfer history

Plaintiff argues that Defendants have "only provided documents from [his] Guidance Unit file related to transfers, and did not include other documents from a separate file maintained by DOCS for "Transfer History." Dkt. No. 58 at 3. Defendants do not address this aspect of Plaintiff's request for his transfer history in their surreply. Accordingly, Defendants are directed to produce, **free of charge**, within thirty days of the filing date of this Order, copies of any documents evidencing Plaintiff's transfer history, apart from those contained in Plaintiff's Guidance Unit file.

5

**IV.     Conclusion**

For these reasons, Plaintiff's request for the Court to modify its August 9, 2007 Decision and Order is **granted in part** to the extent that Defendants are to provide to Plaintiff, within thirty days of the filing date of this Order: (1) copies of the photographs set forth above **free of charge** and (2) documentation regarding Plaintiff's transfer history apart from that contained in Plaintiff's Guidance Unit file, also **free of charge**.  The motion is otherwise **denied as moot**.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 47) is **GRANTED** in part as set forth above and otherwise **DENIED as moot**; and it is further

**ORDERED** that the dispositive motion filing deadline in this action is reset to May 30, 2008; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: March 18, 2008
        Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge