**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRIS HYNES,

                            **Plaintiff**

  -against-                                        9:05-CV-0380
                                                               JMH

**MICHAEL KIRKPATRICK**, Correction Sergeant; **ERIC GRAF**, Correction Officer; **MICHAEL GRANEY**, Correction Officer; **MICHAEL SMITH**, Correction Officer; **MICHAEL O'SULLIVAN**, Correction Officer; **CRAIG GUMMERSON**, Correction Captain; **JOSEPH WOLCZYK**, Commissioner's Hearing Officer; and **DONALD SELSKY**, Director of Special Housing,

                            **Defendants.**

**DECISION & ORDER**

**Hood, D.J.:**

## Preliminary Statement

    Pursuant to 42 U.S.C. 1983, plaintiff brings this suit via his amended complaint (Docket No. 28), claiming that the defendants violated his Constitutional rights. The plaintiff seeks declaratory relief as well as monetary damages. The matter is before the Court on defendants' motion for summary judgment asserting that the action is time-barred and plaintiff has failed to establish the existence of any Constitutional violation (Docket No. 83). Plaintiff has not responded to the motion despite being afforded an ample opportunity to do so.  Having reviewed the record, it is concluded that  defendants are therefore entitled to judgment as a

matter of law.

I.  **STATEMENT OF FACTS**

At all times relevant to the amended complaint in this case, plaintiff was an inmate in the custody of the New York State Department of Correctional Services and was incarcerated at Auburn C.F. See Amended Complaint, Docket No. 28. See also defendants' 7.1 Statement ¶ 1.

Plaintiff received two (2) misbehavior reports relating to an incident that occurred at Auburn C.F. on November 9, 2000. See Exhibit A annexed to defendants' 7.1 statement. See also defendants' 7.1 Statement ¶ 2. Plaintiff had one disciplinary on both misbehavior reports, conducted by Commissioner's Hearing Officer Joseph Wolczyk, which began on November 13, 2008 and concluded on December 8, 2008. See Exhibit B annexed to defendants' 7.1 statement for hearing transcript. See also defendants' 7.1 Statement ¶ 3. At the conclusion of the hearing on December 8, 2000, plaintiff was found guilty of all three (3) charges and assessed the penalty of thirty-six (36) months in the Special Housing Unit and loss of privileges. See Exhibit C annexed to defendants' 7.1 statement. See also defendants' 7.1 Statement ¶ 4.

Plaintiff filed a number of administrative appeals regarding the December 8, 2000 determination. See Exhibit D annexed to defendants' 7.1 statement. See also defendants' 7.1 Statement ¶ 5.

Donald Selsky, on January 31, 2001, modified the December 8, 2000 determination by reducing the penalty to 18 months SHU and loss of privileges. See Exhibit E 2 annexed to defendants' 7.1 statement. See also defendants' 7.1 Statement ¶ 6. Prisoner's Legal Services, on plaintiff's behalf, wrote a letter on February 27, 2001 requesting reconsideration of the January 31, 2001 appeal decision, and plaintiff submitted another supplemental administrative appeal dated March 12, 2001. See Exhibit F annexed to defendants' 7.1 statement. See also defendants' 7.1 Statement ¶ 7. On May 16, 2001, Donald Selsky modified the December 8, 2000 determination again; dismissing charge 113.10 (weapon), but with no change in penalty. See Exhibit G annexed to defendants' 7.1 statement. See also defendants' 7.1 Statement ¶ 8.

Plaintiff filed an Article 78 petition in Albany County Supreme Court challenging the disciplinary determination, and the petition was granted by Decision, Order and Judgment dated March 20, 2002. See Exhibit H annexed to defendants' 7.1 statement. See also defendants' 7.1 Statement ¶ 9.

**II. DISCUSSION**

**A. Standard of Review**

When there is no genuine issue as to any material fact, the moving party in a motion for summary judgment is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The party moving for summary judgment has the initial burden of submitting

affidavits and other evidentiary material to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). Once the moving party has sustained the initial burden, the opposing party may not rest upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence, by affidavits or as otherwise provided in Rule 56, showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

**B. Action Barred by the Statute of Limitations**

Plaintiff's entire amended complaint is based on an incident that occurred on November 9, 2000 and the resulting disciplinary hearing, which was held from November 13, 2000 through December 8, 2000. See Amended Complaint, Docket No. 28; Hearing Disposition Sheet annexed to defendants' 7.1 Statement as Exhibit C. Although the hearing disposition was modified, and then ultimately reversed, plaintiff's claims in this case about the hearing relate to conduct before or during the hearing. See Amended Complaint, Docket No. 28 at "Third Cause of Action" (failure to preserve video tape) and "Fourth Cause of Action" (lack of pre-hearing assistance, right to call witnesses, right to a fair hearing). Because plaintiff did not file his original complaint in this matter until March 25, 2005

(see Docket No. 1), all of plaintiff's claims are barred by the three-year statute of limitations applicable to civil rights actions brought pursuant to 42 U.S.C. § 1983.

It is well-settled that with regard to statutes of limitations, federal courts must apply state substantive law, unless the state has not enacted law on point. "Federal courts, unlike state courts, are not common law courts and do not possess a general power to develop and apply their own rules of decision." *Milwaukee v. Illinois*, 451 U.S. 304, 312 (1981), citing *Erie Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus the United States Supreme Court has held, in deciding § 1983 cases, that if a state has more than one personal-injury statute of limitations, the state'sgeneral or residual statute of limitations for personal injury actions is to be applied: "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).

As the State of New York has more than one personal injury statute of limitations, the applicable statute of limitations for the alleged constitutional violation is three years. *See* New York Civil Procedure Law and Rules § 214. *See also Black v. Coughlin*, 76 F.3d 72 (2d Cir. 1996). Thus any claims related to the November 9, 2000 incident and the hearing held from November 13, 2000 through December 8, 2000 are barred by the statute of limitations.

As the Court as found that the entire action is barred by the statute of limitations, there is no need to address the merits of defendants' motion for summary judgment as to plaintiff's claims set forth in the amended complaint.

**CONCLUSION**

For the reasons set forth above,

(1) Defendants' motion for summary judgment (Docket No. 83) is **GRANTED.**

(2) The amended complaint is **DISMISSED with prejudice.**

(3) The Clerk shall enter a separate judgment in favor of defendants contemporaneously with the filing of this Decision & Order.

This the 16th day of January, 2009.

Sitting by Designation:



**Signed By:**
*Joseph M. Hood*
**Senior U.S. District Judge**