UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRIS HYNES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:05-380-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL KIRKPATRICK, et al., | ) | |
| | ) | **DECISION & ORDER** |
| Defendants. | ) | |

** ** ** ** **

This matter is before the Court on Plaintiff's Motion for Relief from Judgment [Record No. 93]. Defendants responded [Record No. 102] and Plaintiff replied [Record No. 106]. This matter is now ripe for review.

**BACKGROUND**

Defendants filed a Motion for Summary Judgment on July 21, 2008 [Record No. 83]. Plaintiff's response was due by August 25, 2008. No response was filed by August 25, 2008, and on September 4, 2008, the Court, *sua sponte*, extended the response deadline to October 6, 2008 [Record No. 85]. The following day, September 5, 2008, the Court again extended the deadline *sue sponte*, this time until November 4, 2008 [Record No. 86]. Again, no response was filed by the extended deadline, and on November 7, 2008, the Court extended the response deadline until November 21, 2008 [Record No. 89]. Finally, on December 1, 2008, after three deadline extensions, there was still no response. On that day, Defendants' Motion for Summary Judgment was submitted for consideration.

On January 20, 2009, the undersigned granted Defendants' Motion for Summary Judgment, noting that no response was ever received from Plaintiff [Record No. 90].  In the Decision and Order, the Court found that each of Plaintiff's claims is barred by the applicable statute of limitations.  On February 6, 2009, Plaintiff filed the instant motion, in which he asserts that on November 17 or 18, 2008, he in fact mailed a response to Defendants' Motion for Summary Judgment.  There has been no explanation as to why Plaintiff's response was not received and filed by the Court.[1]  In his response to Defendants' Motion for Summary Judgment, which is attached to his Motion for Relief from Judgment, and in the Motion for Relief from Judgment itself, Plaintiff contends that the claim for violation of his Constitutional right to due process is not barred by the statute of limitations.

The Court notes that upon his failure to file a response by the first two deadlines set by the Court, the Court, on its own accord, allowed Plaintiff additional extensions of time in which to file his response, which was not forthcoming until after the entry of Judgment.  Nonetheless, the Court will reconsider its Decision and Order dated January 20, 2009 [Record No. 91], for the limited purpose of considering Plaintiff's due process claim that he was

---

[1]  Shortly thereafter, on February 12, 2009, Plaintiff filed a Notice of Appeal [Record No. 95], which stayed consideration of the instant motion until the appeal was concluded.

-2-

denied a fair disciplinary hearing.

### DISCUSSION

Having considered Plaintiff's Motion to Reconsider, the Court will set aside, and consider anew, that portion of its previous Decision and Order pertaining to Plaintiff's due process claim that he was denied a fair hearing.  Turning now to Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff claims that he was deprived "of his liberty and well being without due process of law."  Am. Compl. ¶ 55.  Specifically, Plaintiff complains that "Defendants failed to preserve and/or destroyed the video tape from the 'Arch Gate' preventing Plaintiff from defending himself at the hearing . . ."  *Id.* ¶ 63.  Additionally, Plaintiff claims that "Defendants failed and refused to provide Plaintiff with adequate pre-hearing, employee assistance, the right to call witness [sic] and present evidence in [sic] his behalf, and the right to a fair hearing . . ."  *Id.* ¶ 66.

In *Kalwasinski v. Morse*, 201 F.3d 103 (2d Cir. 1999), the Second Circuit described the due process requirements in connection with prison disciplinary proceedings as follows:

> As the Supreme Court has held, due process requires that in a disciplinary hearing resulting in imposition of loss of good time credits or solitary confinement, an inmate must be afforded advance written notice of the charges against him and a written statement of fact findings supporting the disposition and reasons for the disciplinary action taken. *See Wolff v. McDonnell*, 418 U.S. 539, 563-64, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974).  Subject to legitimate safety and correctional goals of the institution, an inmate should also be

-3-

> permitted to call witnesses and present documentary
> evidence. *Id.* at 566. This Court has held that Wolff's
> protections apply to an inmate facing SHU confinement and
> that an inmate has a right to a fair and impartial
> hearing officer. *See McCann v. Coughlin*, 698 F.2d 112,
> 121-22 (2d Cir. 1983). In addition, the Supreme Court has
> held that a hearing disposition must be supported by at
> least "some evidence." *See Superintendent v. Hill*, 472
> U.S. 445, 455, 86 L. Ed. 2d 356, 105 S. Ct. 2768 (1985).

*Id.* at 108.    In the instant case, Plaintiff contends that Defendants denied his right to due process by denying him the right to call witness at his disciplinary hearing, failing to give him adequate pre-hearing assistance, and by failing to preserve a videotape he wanted to use at the hearing.

Plaintiff does not challenge that he received advance written notice of the charges against him, and the record makes clear that he received such notice.  Similarly, Plaintiff does not challenge that he receive a written statement of factual findings supporting the decision and the reasons for the disciplinary actions taken, and the record makes clear that he received such findings.  These actions satisfy the due process requirements as set forth in *Kalwasinski.*

There is no merit to Plaintiff's contention that he was not allowed to call witnesses on his behalf.  The record makes clear that Plaintiff was permitted to both present evidence and call witnesses at the hearing.  The hearing transcript contains the testimony of thirteen witnesses who were called at Plaintiff's request.  To the extent that Plaintiff is alleging that Defendants'

failure to produce the "Arch Gate" video rises to the level of a Constitutional violation, Plaintiff's claim fails.   This Court agrees with The United States District Court for the Eastern District of New York's holding that a plaintiff

> has no liberty or property interest in the continued physical existence of the audio tape apart from whatever evidence it may contain. See Brock v. Artuz, 2000 U.S. Dist. LEXIS 15686, No. 99 CIV. 1903 AJP, 2000 WL 1611010, at *7 (S.D.N.Y. Oct. 27, 2000) (in habeas corpus action alleging violation of right to present a defense, evidence of destruction of audio/video tapes by government, without evidence that exculpatory material has been lost, does not establish due process violation) (citing cases). [Plaintiff], however, alleges only that the tape contained testimony adverse to the defendants' position without specifying what transpired at the hearing that supports his substantive contentions. Such a cryptic allegation is insufficient to warrant granting [plaintiff] leave to amend his complaint.

*Pena v. Recore,* 2001 U.S. Dist. LEXIS 2781, *18 (E.D.N.Y.) [copy annexed], *modified on other grounds*, 12 Fed.Appx. 62 (2d Cir. 2001), *affirmed* 110 Fed.Appx. 189 (2d Cir. 2004).   Similarly, in the instant case, plaintiff merely alleges that the missing video tape would have shown no weapon was taken out of his bag. *See* Am. Compl. ¶ 26.   However, plaintiff admitted at his disciplinary hearing that he did not know what the video tape was going to show. *See* Exhibit B annexed to defendants' 7.1 Statement at p. 7.  This conclusory assertion is insufficient to state a claim for a denial of due process related to the videotape.

## CONCLUSION

For the reasons set forth above, the Court will vacate its

-5-

previously entered Decision and Order dated January 20, 2009 [Record No. 91], to the limited extent that said Decision and Order determined that Plaintiff's Due Process claims are barred by the statute to limitations.  Regardless of the statute of limitations, however, as explained above, the Court has determined that Plaintiff failed to establish a violation of his constitutional right to Due Process.  Accordingly, and for the foregoing reasons, **IT IS ORDERED** herein as follows:

(1) That Plaintiff's Motion for Relief from Judgment [Record No. 93] shall be, and the same hereby is, **GRANTED in part and DENIED in part**; and

(2) That the Court's previous Decision and Order shall be, and the same hereby is, **VACATED AND HELD FOR NAUGHT as to the issue of whether Plaintiff's Due Process rights were time barred,** as described above.

(3)That Defendants' Motion for Summary Judgment on Plaintiff's Due Process claims be, and the same hereby is, **GRANTED.**

A separate Judgment in conformity herewith will today be entered.

This the 18th day of September, 2009.

SITTING BY DESIGNATION:



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge